TRUSTEES OF THE VILLAGE OF RIDGEFIELD PARK v. TOWNSHIP COMMITTEE OF RIDGEFIELD TOWN-SHIP.

Under the provisions of the supplement of the Township act, approved March 9th, 1897 (*Pamph. L.*, p. 33), and of the act creating the township of Overpeck, approved March 23d, 1897 (*Pamph. L.*, p. 45), the

township of Overpeck is to be governed by a township committee, notwithstanding the fact that its territorial limits are coextensive with those of the village of Ridgefield Park.

On rule for *mandamus.*

Argued at November Term, 1897, before Justices VAN SYCKEL, DIXON and COLLINS.

For the relators, *Ernest Koester* and *William M. Johnson.*

For the defendants, *Peter W. Stagg.*

The opinion of the court was delivered by

DIXON, J.    The question in this case is whether the trustees of the village of Ridgefield Park are entitled, under the act of March 9th, 1897 (*Pamph. L., p.* 33), to have the Court of Common Pleas of Bergen county appoint commissioners to divide the assets and debts of the township of Ridgefield as it formerly existed, between that township as it now is and the township of Overpeck, which, by the act of March 23, 1897 (*Pamph. L., p.* 45), was carved out of the township of Ridgefield.

If only the acts above mentioned be considered, it is perfectly manifest that the trustees have not such a right.    The act of March 9th, 1897, is a supplement of the Township act, and provides that if the legislature shall, by any special act of incorporation, designate the boundaries of any new township, such township shall be governed by the provisions of the Township act and its supplements; that within two months after the passage of such act of incorporation a township election shall be held, at which a township committee shall be chosen, and that the township committee may apply to the Court of Common Pleas for the appointment of commissioners to divide, &c.    Subsequently, by the special act of March 23d, 1897, the legislature incorporated the new township of Overpeck.    Plainly, by force of the act of March

9th, this new township became subject to the Township act and its supplements, including the supplement of March 9th, 1897, and a township committee elected in compliance with this supplement would be the proper applicant for the end now sought. These acts give no support to the claim that the trustees of a village may make such an application.

But these trustees base their right to make this application upon the fact that the boundaries of the township of Over-peck are coextensive with those of the pre-existing village of Ridgefield Park, and they insist that, therefore, they possess in this township all the rights and powers of a township committee by force of a statute passed April 16th, 1896 (*Pamph. L., p.* 269), which enacts that "in any township in this state wherein there now or hereafter may exist any town, village or any municipality governed by a board of commissioners or improvement commission, the boundaries or territorial limits of which are coextensive with those of said township, * * * the office of township committee of said township is hereby abolished, and the governing body of such town, village or municipality * * * is hereby invested with all the powers, duties, privileges and liabilities by law conferred upon or required of any such township committee."

We think this position cannot be maintained.

It is impossible to apply the provisions of the act of 1896 to this new township consistently with the provisions of the act of March 9th, 1897, and of course in such a conflict the later statute must prevail. The terms of this statute include *any* new township thereafter created by special act of the legislature, and we are not authorized to engraft upon those terms an exception of such new townships as have territorial limits coextensive with the boundaries of a pre-existing village.

Furthermore, even the act of March 23d, 1897, by which this new township was created, evinces a legislative purpose antagonistic to the claim of the relators; for it enacts that the township shall be subject to the same government as the

other townships in Bergen county, and that nothing in the act shall be so construed as to *affect* the village government of the village of Ridgefield Park.   The first of these enactments requires that this township should be placed under the government of a township committee, as are the other townships in Bergen county, and the second requires that the village government of the village should not be *affected* either by increasing or diminishing its powers and duties.   The design seems to be that, as the village government had previously coexisted with that of the township of Ridgefield, so now it should coexist with that of the township of Overpeck.

The *mandamus* prayed for must be refused.